IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**CAPITAL POWER CORPORATION, et al.,**

    *Petitioners*,

    v.

**FEDERAL ENERGY REGULATORY COMMISSION,**

    *Respondent.*
_____

Case No. 23-1134

Consolidated with
No. 23-1135,
No. 23-1136,
No. 23-1231,
No. 23-1233

**JOINT PROPOSAL ON BRIEFING FORMAT**

Pursuant to this Court's July 31, 2023 Order, the parties to this consolidated case—**Petitioners** Capital Power Corporation, D.E. Shaw Renewable Investments, L.L.C., Dynegy Marketing and Trade, LLC, EDP Renewables North America LLC, Invenergy Renewables LLC, Lightsource Renewable Energy Operations, LLC, National Grid Renewables Development, LLC, NextEra Energy Resources, LLC, Rainbow Energy Center, LLC, RWE Renewable Americas, LLC, Vistra Corp.; **Respondent** Federal Energy Regulatory Commission ("FERC"); and **Intervenors** American Clean Power Association, Alliant Energy Corporate Services, Inc., AQN

1

Wind Projects,[1] MISO Transmission Owners,[2] Midcontinent Independent System Operator, Inc., Solar Energy Industries Association, and Wolverine Power Supply Cooperative, Inc.—have conferred and offer this joint proposal on a briefing format.[3]

A. **BACKGROUND**

This matter arose after Respondent FERC accepted a proposal by MISO Transmission Owners to eliminate all charges for the provision of reactive power within the standard power factor range and then denied—by operation of law—rehearing requests related to that order. Eleven parties petitioned this Court for review. On June 25, 2023, this Court consolidated those separate petitions.

---

[1] The AQN Wind Projects are the following intervenors: Deerfield Wind Energy, LLC, Deerfield Wind Energy 2, LLC, Odell Wind Farm, LLC, and Sugar Creek Wind One LLC.

[2] The MISO Transmission Owners as a group are the following Intervenors: Ameren Services Company, as agent for Union Electric Company d/b/a Ameren Missouri, Ameren Illinois Company d/b/a Ameren Illinois, and Ameren Transmission Company of Illinois; Arkansas Electric Cooperative Corporation; City Water, Light & Power (Springfield, IL); Cooperative Energy; Dairyland Power Cooperative; East Texas Electric Cooperative; Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy Texas, Inc.; Great River Energy; Indianapolis Power & Light Company; Lafayette Utilities System; MidAmerican Energy Company; Minnesota Power (and its subsidiary Superior Water, L&P); Missouri River Energy Services; Montana-Dakota Utilities Co.; Northern States Power Company, a Minnesota corporation, and Northern States Power Company, a Wisconsin corporation, subsidiaries of Xcel Energy Inc.; Northwestern Wisconsin Electric Company; Otter Tail Power Company; Prairie Power, Inc.; Southern Indiana Gas & Electric Company (d/b/a CenterPoint Energy Indiana South); and Southern Minnesota Municipal Power Agency.

[3] Counsel for Consumers Energy Company has been contacted and has stated that Consumers Energy Company does not oppose the proposed briefing format.

2

Following that order, thirty-six parties sought to intervene on both sides of the case. On July 25, 2023, this Court granted all motions to intervene.

Subsequent to the filing of the original petitions for review, FERC issued an order that modifies its initial orders but that "continue[s] to reach the same result." Out of an abundance of caution, Petitioners have filed new petitions for review of this substantive rehearing order so that those new petitions be consolidated with this case.

### B.     PROPOSED BRIEFING FORMAT

The parties have conferred and agree that, because Petitioners' interests overlap in many ways, the eleven Petitioners agree to join in a single brief. Nevertheless, due to the complexity of the order on rehearing and the number of interested parties, parties believe that an expansion of the word limit by 50 percent for Petitioners' and Respondent's briefs is necessary and appropriate. *See* Fed. R. App. P. 32(a)(7).

Petitioners have endeavored to agree to raise a targeted set of arguments that will allow the Court to evaluate their petitions comprehensively and efficiently. Nevertheless, Petitioners require additional words because, as mostly separate parties in the underlying proceedings below, they filed separate briefs on rehearing before FERC raising distinct arguments challenging Respondent's determinations. For example, Petitioners Vistra Corp. and Dynegy Marketing and Trade, LLC alone

3

raised arguments asserting that there are constitutional problems with Respondent's order. *See* Doc. No. 2005106, filed June 26, 2023. Separately, Petitioner Rainbow Energy Center, LLC raised unique arguments regarding the ability of transmission owners to file the challenged proposal. *See* Doc. No. 2005103, filed June 26, 2023. The parties thus believe that the joint briefing proposal below will best assist the Court in resolving this consolidated, multi-petitioner proceeding, without also burdening the Court with overlapping or redundant arguments in separate briefs.

In addition, the Intervenors supporting Petitioners (American Clean Power Association, AQN Wind Projects, Solar Energy Industries Association, and Wolverine Power Supply Cooperative, Inc.) agree to file a single brief. The Intervenors for Respondents (Alliant Energy Corporate Services, Inc., MISO Transmission Owners, and Midcontinent Independent System Operator, Inc.) likewise intend to file a joint brief.[4] Intervenors for Petitioners and Intervenors for Respondents do not request a word-limit extension beyond the standard allotment. *See* D.C. Cir. Rule 28(d)(4).

Accordingly, in order to allow for full briefing on these various arguments to best assist the Court in resolving these consolidated petitions, the parties respectfully request that the Court order the following briefing format:

---

[4] As mentioned, counsel for Consumers Energy Company has stated that Consumers Energy Company does not oppose the proposed briefing format.

4

| Brief | Deadline | Word Limit |
|---|---|---|
| Joint Opening Brief of Petitioners | 60 days from Court order setting briefing schedule | 19,500 |
| Joint Brief of Intervenors Supporting Petitioners | 14 days from filing date of Petitioner's Joint Opening Brief | 9,100 |
| Respondent's Brief | 60 days from filing date of Joint Brief of Intervenors Supporting Petitioners | 19,500 |
| Joint Brief of Intervenors Supporting Respondent | 14 days from filing date of Respondent's Brief | 9,100 |
| Joint Reply Brief of Petitioners | 40 days from filing date of Joint Brief of Intervenors Supporting Respondent | 9,750 |
| Joint Reply Brief of Intervenors Supporting Petitioners | 40 days from filing date of Joint Brief of Intervenors Supporting Respondent | 4,550 |
| Joint Appendix | 7 days from the filing of reply briefs | N/A |
| Final Briefs | 7 days from the filing of the joint appendix | N/A |

Pursuant to the Court's instructions, Petitioners specify the possible word allotment necessary for each issue they intend to raise as follows:

1. **6,000 words:** Whether FERC acted contrary to law by finding the proposed elimination of reactive power compensation to be "just and reasonable" in violation of its statutory obligations under the Federal Power Act.

2. **6,000 words:** Whether FERC acted arbitrarily and capriciously by, among other things, failing to consider important aspects of the matter

5

before it, including the impact that the proposal would have on the ability of generation resources to recover their costs, the impact on reliability, the distinct impact of the proposal on non-synchronous resources such as wind and solar resources, and the constitutional problems raised by the proposal.

3. **5,000 words:** Whether FERC acted arbitrarily, capriciously, and contrary to law by finding that the MISO Transmission Owners have the right to eliminate reactive power compensation for unaffiliated generation resources, including ignoring the requirements of the Federal Power Act, assuming that generation resources have given up their right to make filings respecting their reactive power compensation, and finding that the MISO Transmission Owners had met the procedural requirements to make a filing to adjust the rates for reactive power.

4. **2,500 words:** Introduction, standard of review, and statutory, factual, and procedural background.

Respectfully submitted,

/s/ *James E. Tysse*
James E. Tysse
Stephen J. Hug
Benjamin N. Reiter
AKIN GUMP STRAUSS HAUER
  & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
jtysse@akingump.com

*Counsel for Petitioners Vistra Corp, and Dynegy Marketing and Trade, LLC*

*/s/ Robert C. Fallon*
Robert C. Fallon
Michael R. Engelman
Christina R. Switzer
Engleman Fallon, PLLC
1717 K St, NW, Suite 900
Washington, DC 20006
Telephone: 202-464-1331
E-mail: rfallon@efenergylaw.com
mengleman@efenergylaw.com
cswitzer@efenergylaw.com

*Counsel for the Petitioner Rainbow Energy Center, LLC*

*/s/ Bruce A. Grabow*
Bruce A. Grabow
Jennifer Brough
LOCKE LORD LLP
701 8th Street, N.W., Suite 500
Washington, DC 20001
Telephone: (202) 220-6991

7

Facsimile: (202) 220-6945
bgrabow@lockelord.com
jbrough@lockelord.com

*Counsel for Petitioners
Capital Power Corporation
D. E. Shaw Renewable Investments, L.L.C.,
EDP Renewables North America LLC,
Invenergy Renewables LLC,
Lightsource Renewable Energy Operations, LLC,
National Grid Renewables Development, LLC,
NextEra Energy Resources, LLC,
RWE Renewables Americas, LLC*

*/s/ Beth G. Pacella*
Beth G. Pacella
Deputy Solicitor
Federal Energy Regulatory Commission

*Counsel for Respondent Federal Energy Regulatory Commission*

*/s/ Gabriel Tabak*
Gabriel Tabak
Senior Counsel
Gene Grace
General Counsel
American Clean Power Association
1501 M St., N.W., Ste. 900
Washington, D.C. 20005
Tel: (202) 383-2500
gtabak@cleanpower.org
ggrace@cleanpower.org

*Counsel for American Clean Power Association*

*/s/ James K. Mitchell*
James K. Mitchell
James K. Mitchell Law PLLC
1629 K Street, NW, Suite 306
Washington, DC 20006
703-969-0402
jameskmitchelllaw@gmail.com

*Counsel for*
*Alliant Energy Corporate Services, Inc.*

*/s/Elizabeth W. Whittle*
Elizabeth W. Whittle
Nixon Peabody LLP
799 Ninth Street, N.W. Suite 500
Washington, DC  20001
Telephone:  202-585-8338
Facsimile:  202-585-8080
ewhittle@nixonpeabody.com

*Counsel for AQN Wind Projects*

*/s/ Kristina M. Tridico*
Kristina M. Tridico
Deputy General Counsel
Midcontinent Independent
System Operator, Inc.
720 City Center Drive
Carmel, Indiana 46032
Telephone: (317) 249-5400
ktridico@misoenergy.org

James C. Holsclaw
Calfee, Halter & Griswold LLP
3900 Salesforce Tower
111 Monument Circle

9

Indianapolis, Indiana 46204
Telephone: (317) 308-7970
jholsclaw@calfee.com

*Counsel for the Midcontinent Independent System Operator, Inc.*

/s/ Wendy N. Reed
Wendy N. Reed
Wendy B. Warren
Abraham F. Johns III
WRIGHT & TALISMAN, P.C.
1200 G Street N.W., Suite 600
Washington, DC 20005-3898
(202) 393-1200
reed@wrightlaw.com
warren@wrightlaw.com
johns@wrightlaw.com

*Counsel for the
MISO Transmission Owners*

/s/ Benjamin Norris IV
Ben Norris
Senior Director of Regulatory Affairs
Melissa Alfano
Director of Energy Markets and Counsel
Solar Energy Industries Association
1425 K St NW Ste. 1000
Washington, DC 20005
(202) 566-2873
bnorris@seia.org
malfano@seia.org

*Counsel for Solar Energy Industries Association*

/s/ Neil H. Koslowe
Neil H. Koslowe

10

Michael J. Rustum
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, DC 20006
Telephone: 202-320-8907
301-518-7572
nkoslowe@potomaclaw.com
mrustum@potomaclaw.com

*Counsel for Wolverine Power Supply Cooperative, Inc.*

August 31, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, I served the foregoing document upon all counsel of record by filing a copy of the document with the Clerk through the Court's electronic docketing system.

/s/ *James E. Tysse*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(c)(2)(B) because it contains 1,137 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word Version 2016, 14-point Times New Roman font.

/s/ *James E. Tysse*